IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JACQUELINE E. ROBINSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:02-CV-327-Y |
| | § | |
| J.P. MORGAN CHASE BANK | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S CLAIMS WITH PREJUDICE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant J.P. Morgan Chase Bank ("Chase") files its Motion to Dismiss Plaintiff's Claims with Prejudice, and as support for such would show as follows:

1. On or about February 28, 2003, Chase and Plaintiff mediated the above-referenced lawsuit and reached a settlement agreement. Subsequently, Plaintiff refused to sign the formal settlement documents and Chase was forced to file a Motion to Enforce the Mediation Settlement Agreement ("Motion to Enforce") with this Court.

2. On June 5, 2003, the Court heard Chase's Motion to Enforce. At the hearing on the Motion to Enforce, the Court determined that Plaintiff had knowingly and voluntarily executed the Mediation Settlement Agreement and verbally informed Plaintiff at the hearing that she waived all of her claims against Chase by signing the Mediation Settlement Agreement.

3. On June 9, 2003, the Court issued an Order Partially Granting Chase's Motion to Enforce (the "Order"). Pursuant to the Order, the Court required Plaintiff to execute a Confidentiality Agreement. In addition, the Order required Chase to pay Plaintiff within seven

**DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S CLAIMS– PAGE 1**

(7) days after Plaintiff signed the Confidentiality Agreement and required that the parties file a motion to dismiss the case with prejudice.

4. On or about July 7, 2003, Plaintiff signed the Confidentiality Agreement and on July 8, 2003, Chase forwarded the settlement check along with a Stipulation of Dismissal to Plaintiff's attorney pursuant to the Court's Order.

5. Since July 8, 2003, Plaintiff and her attorney have failed and refused to execute the Stipulation of Dismissal. Counsel for Chase has left several voicemail messages and sent correspondence to Plaintiff's attorney requesting that Plaintiff and her attorney sign the Stipulation of Dismissal.

6. On or about October 21, 2003, while attending a deposition in another case at Plaintiff's attorney's office, Chase's counsel once again inquired as to the execution of the Stipulation of Dismissal in this case. Plaintiff's attorney inferred that Plaintiff was refusing to execute the Stipulation of Dismissal and had requested that her attorney not sign the Stipulation of Dismissal.

7. On October 24, 2003, Chase's counsel forwarded a letter once again requesting that Plaintiff and her attorney sign the Stipulation of Dismissal. To date, Plaintiff's attorney has not responded to Chase's counsel's letter and Plaintiff and her attorney have still not executed the Stipulation of Dismissal.

8. Plaintiff's continued failure and refusal to execute the Stipulation of Dismissal and her instructions to her attorney not to sign the Stipulation of Dismissal are in direct opposition to this Court's Order. Thus, the Court should grant Chase's Motion to Dismiss Plaintiff's Claims with Prejudice.

WHEREFORE, PREMISES CONSIDERED, Chase respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Claims with Prejudice and grant such other relief, general or special, either in law or equity, to which Chase may show itself justly entitled.

Respectfully submitted,

*Kelly J. Thurman*

Jerry K. Clements
Attorney-in-Charge
Texas Bar No. 20888200
Kelly J. Thurman
Texas Bar No. 24008159
Locke Liddell & Sapp LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-2776
214/740-8586 (Telephone)
214/740-8800 (Facsimile)

ATTORNEYS FOR DEFENDANT
JP MORGAN CHASE BANK

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she conferred with counsel for Plaintiff, Dan Atkerson, on November 17th, 2003 regarding the substance of this Motion. Mr. Atkerson informed Ms. Thurman that Plaintiff does not agree with the relief sought in this Motion and is, therefore, opposed to the relief sought in this Motion.

*Kelly J. Thurman*
Kelly J. Thurman

### CERTIFICATE OF SERVICE

This is to certify that on this 17th day of November, 2003, a true and correct copy of the foregoing instrument was served via certified mail, return receipt requested to the following:

Dan A. Atkerson
Southlake Town Square
1256 Main Street, Suite 252
Southlake, Texas 76092

*Kelly J. Thurman*
Kelly J. Thurman

**DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S CLAIMS– PAGE 3**